**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **DALE HARRY HYLOK,** | ) |
| | ) |
|        **Petitioner,** | ) |
| | ) |
| vs. | )    Case No. 16-CV-044-JED-TLW |
| | ) |
| **JANET DOWLING, Warden,** | ) |
| | ) |
|        **Respondent.** | ) |

**OPINION AND ORDER**

On January 26, 2016, Petitioner, a state inmate appearing pro se, filed a 28 U.S.C. § 2254 petition for writ of habeas corpus (Doc. 1). On March 2, 2016, Petitioner paid the $5.00 filing fee (Doc. 7). Petitioner challenges his conviction entered in Rogers County District Court, Case No. CRF-1985-231.[1] See Doc. 1 at 1. For the reasons discussed below, this petition shall be dismissed without prejudice for lack of jurisdiction as a successive petition filed without prior authorization from the Tenth Circuit Court of Appeals.

The Court's records reflect that Petitioner has in the past filed at least three (3) other petitions for writ of habeas corpus. First, in N.D. Okla. Case No. 96-CV-043-TRB, Petitioner challenged his conviction entered in Rogers County District Court, Case No. CRF-1985-231. On January 27, 1997, the Court dismissed the petition without prejudice for failure to exhaust state remedies. Petitioner appealed. On December 22, 1997, the Tenth Circuit Court of Appeals denied a certificate of probable cause and dismissed the appeal. *See Hylok v. Ward*, No. 97-5077, 1997 WL 785462 (10th Cir. Dec. 22, 1997).

---

[1] Petitioner states that his Judgment and Sentence was entered on September 2, 1986, after he pled guilty to First Degree Murder. *See* Doc. 1 at 1. He further states he is serving his sentence of life imprisonment with the possibility of parole. *Id.* at 2.

Next, in N.D. Okla. Case No. 99-CV-898-CVE, Petitioner again challenged his conviction entered in Rogers County District Court, Case No. CRF-1985-231. On October 3, 2000, the Court dismissed the petition with prejudice as time barred and entered judgment in favor of Respondent. Petitioner did not appeal that ruling. The docket sheet for N.D. Okla. Case No. 99-CV-898-CVE also reflects that, on December 16, 2013, the Court dismissed Petitioner's substantive claims raised in a Rule 60(b) motion for relief from judgment for lack of jurisdiction as second or successive habeas claims filed without prior authorization from the Tenth Circuit Court of Appeals. More recently, on January 27, 2016, the Court denied Petitioner's application for extension of time "to respond to the Court."

In N.D. Okla. Case No. 08-CV-078-JHP-FHM, Petitioner filed a third petition for writ of habeas corpus, again challenging his conviction entered in Rogers County District Court, Case No. CRF-1985-231. By Order filed March 13, 2008, the Court found it lacked jurisdiction to consider Petitioner's claims and transferred the petition to the Tenth Circuit for authorization. Nothing in the record suggests Petitioner received authorization.

Petitioner has now filed a fourth petition for writ of habeas corpus, again challenging his conviction entered in Rogers County District Court, Case No. CRF-1985-231. Based on the Court's rulings in prior cases, as set forth above, this petition is a successive petition filed without prior authorization from the Tenth Circuit Court of Appeals. 28 U.S.C. § 2244(a),(b). Although the Court dismissed the petition filed in N.D. Okla. Case No. 99-CV-898-TRB as untimely and did not reach the merits of Petitioner's claims, the dismissal of a § 2254 petition as time-barred is a decision on the merits for purposes of determining whether a subsequent petition is second or successive. *See*

*Shirley v. Davis*, 521 F. App'x 647, *1 n.1 (10th Cir. 2013) (unpublished)[2] (citing *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 228 (1995) ("The rules of finality, both statutory and judge made, treat a dismissal on statute-of-limitations grounds the same way they treat a dismissal for failure to state a claim, for failure to prove substantive liability, or for failure to prosecute: as a judgment on the merits."); *Murphy v. Klein Tools, Inc.*, 935 F.2d 1127, 1128-29 (10th Cir. 1991) (holding that "a dismissal on limitations grounds is a judgment on the merits")); *see also Quezada v. Smith*, 624 F.3d 514, 519-20 (2d Cir. 2010) ("We hold that dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)." (internal quotation marks omitted)).

The Tenth Circuit Court of Appeals has determined that, "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008). The appellate court stated that "[f]actors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." *Id.* at 1251 (citing *Trujillo v. Williams*, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006)). "Where there is no risk that a meritorious successive claim will

---

[2] This unpublished opinion is not precedential but is cited for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the mater to this court for authorization." *Id.* at 1252 (citing *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999) (noting that it is a waste of judicial resources to require the transfer of frivolous, time-barred cases)).

After review of the petition filed in this case, the Court finds that it would be a waste of judicial resources to transfer this petition, raising only frivolous, time-barred claims, to the Tenth Circuit. For that reason, the petition for writ of habeas corpus shall be dismissed without prejudice for lack of jurisdiction. *Cline*, 531 F.3d at 1252. Should Petitioner obtain authorization from the Tenth Circuit, he may refile his petition in this Court.

**ACCORDINGLY IT IS HEREBY ORDERED** that the petition for writ of habeas corpus (Doc. 1) is **dismissed without prejudice** as a second or successive habeas corpus petition filed without prior authorization from the Tenth Circuit Court of Appeals.

ORDERED THIS 4th day of March, 2016.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE